IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnny Vernon Davis, Jr., | ) |
|                       Plaintiff, | )    C.A. No. 1:10-1429-HMH-SVH |
| vs. | )    **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) |
|                       Defendant. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Johnny Vernon Davis, Jr. ("Davis") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Magistrate Judge Hodges recommends reversing the Commissioner's decision and remanding the case for further administrative action. The Commissioner filed objections to the Report and Recommendation on April 18, 2011. For the reasons explained below, the court reverses the ALJ's denial of benefits and remands the case to the Commissioner for further administrative action.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 12-21), and summarized as follows. At the time of the hearing before the ALJ, Davis was a thirty-five-year-old man with a high school education and past relevant work as a welder, general laborer, and fork-lift operator. (Id. at 15, 22.) Davis alleges that he has been disabled since March 24, 2006, due to degenerative disc disease of the lumbar and cervical spine status post-cervical fusion, status post-left knee surgery, obesity, gout, and hypertension. (Id. 14, 157.)

Davis filed applications for DIB and SSI on April 3, 2006. (Id. at 103, 109.) The applications were denied initially and upon reconsideration. (Id. at 12.) On September 26, 2008, Davis appeared and testified at a hearing before the ALJ. (R. at 22-43.) The ALJ concluded that Davis did not have an impairment or combination of impairments that meets or medically equals the criteria of 20 CFR Part 404, Subpart P, Appendix 1. (Id. at 15-16.) Accordingly, the ALJ determined that Davis was not disabled and denied his applications for DIB and SSI. (Id. at 21.) On May 6, 2010, the Appeals Council denied Davis' request for review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (Id. at 1.) Davis filed the instant action on June 3, 2010.

## II. Report and Recommendation

The magistrate judge found that the ALJ failed to fully consider and explain the cumulative effect of Davis' impairments in determining that he was not disabled. (Report & Recommendation 27-30.) Consequently, Magistrate Judge Hodges recommends remanding the case to the ALJ for further administrative action. (Id. at 35.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

The Commissioner objects to the magistrate judge's conclusion that the ALJ failed to adequately consider and explain the cumulative effect of Davis' impairments in determining that he was not disabled. The Commissioner contends that the ALJ's "explicit statement . . . that he considered the effect of Plaintiff's impairments 'in combination'" coupled with his declaration that he "considered all [of Davis'] symptoms" evidences that the ALJ properly considered Davis' combined impairments throughout the sequential evaluation process. (Objections 2-4.)

When determining whether a claimant with multiple impairments is disabled, the ALJ must evaluate the impairments' combined effect, even if the impairments are insufficient to

3

establish a disability when considered independently. 42 U.S.C. § 423(d)(2)(B). "As a corollary to this rule," the Fourth Circuit has instructed that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). It is well established that the ALJ is required to "make a *particularized finding* on the effect of the combination of impairments." Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989) (emphasis added). Although the ALJ found that Davis' combined impairments did not render him disabled, the ALJ failed to provide any explanation to support his conclusory finding. (R. at 15-16.) Without a particularized explanation of the effect of Davis' combined impairments, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Arnold v. Sec. of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) (internal quotation marks omitted). The court, therefore, remands the case to allow the ALJ to specifically address and explain the cumulative effect of Davis' impairments throughout his sequential evaluation. The court's decision in this matter should not be construed to indicate that the court has an opinion regarding whether Davis is entitled to benefits under the Social Security Act.

     Based on the foregoing, the court adopts the Report and Recommendation of the magistrate judge, reverses the decision of the Commissioner, and remands the case for further administrative action.

It is therefore

**ORDERED** that the Commissioner's decision is reversed and remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
May 12, 2011