IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Johnny Vernon Davis, Jr., | ) | |
| | ) | C.A. No. 1:10-1429-HMH-SVH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The Commissioner of the Social Security Administration ("Commissioner") moves the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to reconsider its May 12, 2011 Order ("May Order") adopting the Report and Recommendation of the magistrate judge and remanding the case to the Administrative Law Judge ("ALJ") for further administrative proceedings.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a court to alter or amend an earlier judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (1998). The Fourth Circuit, however, has admonished that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. Consequently, a "Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991).

1

In its May Order, the court remanded the case to the ALJ because "the ALJ failed to provide any explanation" regarding the cumulative effect of Davis' impairments. (May Order 4.) The Commissioner argues, as he did in his objections to the magistrate judge's Report and Recommendation, that the ALJ's finding with respect to Davis' residual functional capacity evidences that the ALJ properly "considered the limiting effect of all of Plaintiff's impairments." (Comm'r Mot. Recon. 3.) As the court explained in its May Order, however, it is incumbent upon the ALJ to provide an explanation of the cumulative effect of a claimant's impairments when determining whether an award of benefits is proper. Because the ALJ's opinion lacks a sufficient explanation of his evaluation of Davis' combined impairments, remand is proper. See Simmons v. Comm'r of the Soc. Sec. Admin., Civil Action No. 4:10-23-HFF-TER, 2011 WL 938701, at *1 (D.S.C. Mar. 1, 2011) (unpublished) (rejecting Commissioner's argument that the ALJ's findings in claimant's residual functional capacity constituted an adequate explanation of the cumulative effect of the claimant's impairments). Based on the foregoing, the court denies the Commissioner's motion to reconsider.

It is therefore

**ORDERED** that the Commissioner's motion to reconsider, docket number 30, is denied.

**IT IS SO ORDERED.**


                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
June 13, 2011