IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Johnny Vernon Davis, Jr., | ) | |
| | ) | C.A. No. 1:10-1429-HMH-SVH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Johnny Vernon Davis, Jr. ("Davis") seeks attorney fees for services rendered in the above-captioned social security action in the amount of Two Thousand One Hundred Eighty-Nine Dollars and Eighty-Three Cents ($2,189.83). The Commissioner of the Social Security Administration ("Commissioner") objects to the request for attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. (internal quotation marks omitted). "Substantially justified" means "justified in

1

substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Id. (internal quotation marks and citations omitted).

After review of the record, the court finds that the Commissioner's position was substantially justified because reasonable minds could differ as to the appropriate outcome in this action. Davis sought review of the Administrative Law Judge's ("ALJ") denial of disability insurance benefits and social security income, arguing, in part, that the ALJ failed to fully consider and explain the cumulative effect of his impairments. (Pl. Br. 8-9.) The Commissioner contended that the ALJ's express statement that he considered all of Davis' impairments coupled with the ALJ's detailed residual functional capacity findings demonstrated that the ALJ adequately considered the cumulative effect of Davis' impairments. (Comm'r Objections 3-4; Comm'r Mem. Supp. Mot. Recons. 2-3.) Although the Commissioner's argument was rejected by the magistrate judge and this court, other courts within the Fourth Circuit have found this argument persuasive. See, e.g., Smith v. Astrue, No. 109CV00031, 2010 WL 420049, at *4 (W.D. Va. Feb. 1, 2010) (unpublished); Jones v. Astrue, No. 5:07-CV-452-FL, 2009 WL 455414, at *15 (E.D.N.C. Feb. 23, 2009) (unpublished). Because reasonable minds could differ about the outcome of this action, the court concludes that the Commissioner's argument was substantially justified.

It is therefore

**ORDERED** that Davis' motion for attorney fees, docket number 35, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
August 26, 2011